# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARGARET MIMS, et al.,<br><br>　　　　Defendants. | 1:11-cv-1595-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN DEFENDANTS<br><br>(ECF No. 1, 13)<br><br>THIRTY-DAY DEADLINE |

**Findings and Recommendations Following Screening**

**I.　　Background**

Plaintiff Leo Rodriguez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 21, 2011. Plaintiff, now housed at Wasco State Prison, initiated this action while in custody at the Fresno County Jail. Following screening of Plaintiff's complaint, on May 17, 2013, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court in writing that he is willing to proceed only against Defendant Umar. (ECF No. 13.) On May 30, 2013, Plaintiff notified the Court that he did not wish to file an amended complaint, but wanted to proceed against Defendant Umar. (ECF No. 14.) Accordingly, the Court issues the following Findings and Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not; Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

 Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

///

///

**II.     Allegations of Complaint**

Plaintiff filed his complaint on September 16, 2011.  The caption of the complaint names Margaret Mims, Fresno County Sheriff; Michelle LeFors, Administrative Director; Terry Ashmore; Lieutenant Kurtz[1]; and Ali M. Umar, Imam.

In his complaint, Plaintiff alleges as follows:  Since April 25, 2011, the jail has refused to provide Plaintiff with a kosher diet.  Plaintiff is a Muslim and declared his faith to Ali M. Umar on April 25, 2011, and they both signed a declaration of faith.  Plaintiff alleges that he meets all requirements for a kosher diet, and because of his beliefs he cannot eat the trays given to him by the county jail.

Plaintiff further alleges that he filed a grievance.  In that grievance, Ali M. Umar stated that he was unable to substantiate whether or not Plaintiff's belief was sincere.  Plaintiff has refused all of his county jail trays.  Plaintiff requests that the Court order the jail to provide him with a kosher diet and order defendants to pay him for denying him his free expression of religion.

**III.     Discussion**

**A.  Linkage Requirement**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law.  E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant.  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  There is no respondeat superior liability under section 1983, and each defendant may only be held liable for misconduct that can be directly attributed to him or her.  Iqbal, 556 U.S. at 677, 129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

In this case, Plaintiff has failed to allege a causal link between Defendants Margaret Mims, Michelle LeFors, Terry Ashmore and Lieutenant Kurtz and the purported failure to

---

[1]     Defendant Kurtz is also identified as Lieutenant Kurtze.

provide Plaintiff with a kosher diet. Indeed, the body of Plaintiff's complaint fails to mention these defendants by name. It also fails to attribute any specific action or omission to any of these defendants individually.

### B. First Amendment Claim

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). A prisoner's right to the practice of his religion includes "the right to be provided with food sufficient to sustain [him] in good health that satisfies the dietary laws of [his] religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).

Plaintiff's allegations that (1) he requires kosher meals as part of his faith, (2) he declared his faith to Defendant Umar and (3) Defendant Umar's inability or refusal to substantiate the sincerity of Plaintiff's belief resulting in the denial of kosher meals are sufficient to state a cognizable claim for violation of the First Amendment against Defendant Umar.

## IV. Conclusion and Recommendation

The Court finds that Plaintiff's complaint states a cognizable claim against Defendant Umar for violation of Plaintiff's First Amendment right to practice his religion. However, the Court finds that Plaintiff fails to state a cognizable claim against Defendants Margaret Mims, Michelle LeFors, Terry Ashmore and Lieutenant Kurtz.

Plaintiff was provided with an opportunity to file an amended complaint, but opted to proceed on the cognizable claim against Defendant Umar. Therefore, the Court does not recommend granting further leave to amend.

///
///
///

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's complaint, filed on September 21, 2011, against Defendant Umar for violation of Plaintiff's First Amendment right to practice his religion;

2. Defendants Margaret Mims, Michelle LeFors, Terry Ashmore and Lieutenant Kurtz be DISMISSED from this action based on Plaintiff's failure to state a cognizable claim against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 6, 2013**                     /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE