# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET MIMS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:11-cv-01595-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Leo Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 21, 2011.

On April 21, 2014, the Court issued an order requiring defendant to show cause why default should not be entered. (ECF No. 21.) The order was served on Plaintiff, but returned by the United States Postal Service as undeliverable, RTS, not deliverable as addressed, unable to forward, paroled on April 30, 2014.

On June 2, 2014, defendant filed an answer. Thereafter, on June 6, 2014, the Court issued a discovery and scheduling order. (ECF No. 23.) The discovery and scheduling order was served on Plaintiff, but was returned as undeliverable, paroled on June 16, 2014.

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may

dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than July 7, 2014,[2] but he has failed to file one and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2011, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).
[2] The Court's docket reflects a deadline of July 10, 2014.

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 17, 2014**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE